IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DYNAENERGETICS EUROPE GMBH, and DYNAENERGETICS US, INC., *Plaintiff* § § § § § | |
| | Civil Action No. 6:21-cv-00084 |
| v. § § | |
| ROCK COMPLETION TOOLS, LLC, ROCK FAITHWELL INTERNATIONAL CO., LTD. and APT AMERICAN LLC, *Defendant* § § § § § § | |

## ORDER ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

Before the Court is Plaintiffs' Motion for Default Judgment against APT American LLC ("APT American"). ECF No. 25. The Court reviewed the motion, the governing law, and the case file. The Court **GRANTS-IN-PART** and **DENIES-IN-PART** Plaintiffs' Motion for Default Judgment.

### I. BACKGROUND

Plaintiffs DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. (collectively, "DynaEnergetics") researches and develops technology to assist in well competition, perforating, well abandonment, and seismic technologies. ECF No. 1 ¶ 12. Through its research and development, DynaEnergetics invented the wireless detonator assembly, a pre-wired perforating gun assembly, and methods of assembling the pre-wired gun assembly. *Id.* ¶ 13. These inventions are protected under multiple United States patents, including U.S. Patent No. 10,844,697 (the "'697 Patent") titled "Perforation Gun Components and System." *Id.* ¶ 13. DynaEnergetics manufactures and sells perforating gun systems that practice the '697 Patent. *Id.* ¶ 15.

1

APT American is a Texas limited liability company that manufactures and sells the "RF Disposable Pre-wired Gun System FESG-2A™" ("FESG-2A"). ECF No. 1 ¶¶ 10, 18. As of August 20, 2020, APT American publicly advertised the FESG-2A. *Id.* ¶ 18. APT American's sale of the FESG-2A competes directly with DynaEnergetics. *Id.* ¶ 27. DynaEnergetics alleges the FESG-2A infringes the '697 Patent. ECF No. 1 ¶ 19-25.

On January 28, 2021, DynaEnergetics filed this suit, asserting infringement of the '697 Patent. ECF No. 1. DynaEnergetics served APT American on March 1, 2021. ECF No. 19. APT American did not answer, appear, or otherwise defend itself in this action.

On March 30, 2021, DynaEnergetics filed a request for the Clerk of the Court to enter a default against APT American. ECF. No. 22. On March 31, 2021, the Clerk of the Court entered a default against APT American. ECF No. 23.

On May 28, 2021, DynaEnergetics filed the instant Motion for Default Judgment. ECF No. 25. APT American has not responded and remains the sole defendant in this litigation.

## II. LEGAL STANDARD

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). A "party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co.,* 555 F.3d 422, 424 (5th Cir. 2009).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After a defendant has defaulted, the Court may enter a default judgment upon motion. Fed. R. Civ. P. 55(b). Additionally, the plaintiff must file an

affidavit stating whether the defendant is in military service before the Court can issue a default judgement. 50 U.S.C § 3931.

"In determining whether to enter a default judgment against a defendant, Courts in the Fifth Circuit use a three-part analysis: (1) whether default judgment is procedurally warranted; (2) whether the [] Complaint sufficiently sets forth facts establishing that [plaintiff] is entitled to relief; and (3) what form of relief, if any, the [plaintiff] should receive." *United States v. Giles*, 538 F. Supp. 2d 990, 993 (W.D. Tex. 2008).

The Fifth Circuit uses six factors to determine whether a default judgment is procedurally warranted. *Alvarado Martinez v. Eltman L., P.C.*, 444 F. Supp. 3d 748, 752 (N.D. Tex. 2020) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). The factors are: "(1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion." *Id*.

In considering whether the Complaint sets forth facts establishing that plaintiff is entitled to relief, the court accepts as true the well-pleaded allegations of facts in the complaint (except regarding damages) but must determine whether those facts state a claim upon which relief may be granted. *United States ex rel. M-Co. Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987); *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Thus, for a plaintiff to obtain a default judgment, "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu*, 515 F.2d at 1206.

### III. DISCUSSION

**1.     Default judgment against APT American is procedurally warranted.**

APT American received proper service but failed to answer or otherwise respond to the complaint as required by the Federal Rules of Civil Procedure. ECF No. 19. The requirement of 50 U.S.C. § 3931 does not apply to business entities such as APT American, but Plaintiff met this requirement anyway. ECF No. 22-2 ¶ 5 ("Defendant APT American LLC is not in the military service."). Additionally, APT American is neither a minor nor incompetent. *Id.* ¶ 4. The Clerk's Office entered default against APT American. ECF No. 23.

In this case, the six factors weigh in favor of granting the default judgment. First, APT American failed to file an answer or dispute any material facts. Second, the Court finds no substantial prejudice against APT, which has received service and had ample time to defend itself. Third, APT American's failure to appear is grounds for default. Fourth, nothing in the record indicates that default resulted from good faith mistake or excusable neglect. Fifth, default would not be a harsh result in this situation because judgement would be the equivalent to what DynaEnergetics is entitled to receive by law. Finally, the Court has no reason to set aside default.

**2.     DynaEnergetics's claims have merit.**

DynaEnergetics's claim against APT American is meritorious. Title 35 of the United States Code controls the issuance and regulations of patents. Section 281 creates a private right of action for any infringement of a patentee's patent. Sections 283-285 allow a plaintiff to recover monetary damages, recover attorney fees and costs, and obtain an injunction.

DynaEnergetics asserted, and APT American admits by default, that APT American infringes the '697 Patent by manufacturing and selling the FESG-2A. ECF No. 1 ¶¶ 18-19.

Therefore, 35 U.S.C. Sections 281-285 entitle DynaEnergetics to obtain relief against APT American.

**3.     Plaintiff requests appropriate relief.**

DynaEnergetics requests a permanent injunction against APT American for infringement of the '697 Patent. ECF No. 25. Under 35 U.S.C Section 283, this Court has the power to grant a permanent injunction. A permanent injunction is appropriate when a plaintiff demonstrates "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *ITT Educ. Servs., Inc. v. Arce*, 533 F.3d 342, 347 (5th Cir. 2008) (quoting *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)).

DynaEnergetics has proven all four mandatory elements. DynaEnergetics pleaded irreparable harm, which this Court finds true by default. ECF No. 1 ¶¶ 27, 33. Additionally, DynaEnergetics has no adequate remedy at law because APT American competes with DynaEnergetics and will continue to cause indeterminate harm because DynaEnergetics cannot determine the full scope of damages without APT American's participation in litigation discovery. APT American has neither identified any harm it might suffer regarding nor raised any public interest concerns for the Court to balance or consider. Thus, the Court finds the injunction appropriate.

Plaintiff also requests reasonable court costs and expenses arising from this litigation. ECF No. 25 at 9-10. The Court awards DynaEnergetics reasonable costs other than attorneys' fees. Fed. R. Civ. P. 54(d)(1).

**4.      Attorneys' fees denied.**

Plaintiff moved for attorneys' fees pursuant to Local Rule CV-54. ECF No. 25 at 9-10. The law reserves the award of attorneys' fees in an "exceptional" patent case, which is one that "stands out from others." 35 U.S.C. § 285; *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 545, 554 (2014). Plaintiff's motion for fees does not cite Section 285 or compare the facts of this case to any other case. The Complaint demands attorneys' fees but pleads no underlying facts that make the case exceptional. ECF No. 1 ¶ 34. Indeed, the Complaint pleads the same or similar facts against the other two defendants Rock Completion Tools, LLC and Rock Faithwell International Co., Ltd. ECF No. 1. Except for a procedural default, nothing about the case against APT American stands out in comparison. Plaintiff merely established a regular, not exceptional, case of patent infringement. The Court denies attorneys' fees.

## IV. CONCLUSION

Based on the foregoing analysis of the facts and legal principles, Plaintiffs DynaEnergetics Europe GmbH and DynaEnergetics US, Inc.'s Motion for Entry of Default Judgment (ECF No. 25) is **GRANTED-IN-PART** and **DENIED-IN-PART**.

It is **ORDERED** that a final default judgment be entered in favor of Plaintiffs DynaEnergetics Europe GmbH and DynaEnergetics US, Inc. against Defendant APT American LLC as follows:

(a)      APT American LLC is declared an infringer of U.S. Patent No. 10,844,697 by making, selling, and offering the FESG-2A for sale.

(b)      APT American LLC, its officers, agents, employees, representatives, and anyone acting in concert therewith are permanently enjoined and restrained under 35 U.S.C. § 283 against

selling, offering to sell, distributing, or importing the FESG-2A, or any other products that infringe on the inventions of the '697 Patent.

    (c)    Costs and expenses, not including attorneys' fees, are assessed against APT American LLC.

    (d)    The Court **denies** attorneys' fees.

IT IS SO ORDERED.

**SIGNED** this 4th day of February, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE